# SUPREME JUDICIAL COURT

## FOR THE COUNTIES OF FRANKLIN AND HAMPSHIRE, SEPTEMBER TERM 1861, AT GREENFIELD.

———

PRESENT:

Hon. GEORGE T. BIGELOW, Chief Justice.
Hon. CHARLES A. DEWEY, ⎫
Hon. THERON METCALF, ⎪
Hon. PLINY MERRICK, ⎬ Justices.
Hon. EBENEZER R. HOAR, ⎭

———

## FRANKLIN COUNTY.

### Ralph Childs vs. Raymond J. Walker & another.

C. & C., having formed a partnership, bought property for partnership purposes and gave a note therefor signed with their individual names. A new partner was afterwards admitted, and the name of the firm became C. C. & Co. Then one of the original partners retired, and the remaining members gave to him a bond in which, after reciting that C. C. & Co. were owing debts in notes and accounts held by various persons, they bound themselves to pay the same at such times as they should become due and payable, and save him harmless therefrom. In an action upon this bond, *Held*, that the plaintiff could not recover for a sum which he had been compelled to pay on the note above mentioned, or be allowed to prove that C. C. & Co. had undertaken, by a verbal agreement, to pay the debts of C. & C., and that, at the time of making this agreement, all the parties understood that the note in question was included, and that, at the time of taking the bond, the note was considered to be a debt of C. C. & Co., if there was no specification therein of the names or number of the creditors, or of the amounts due to them respectively, and they were not parties to the agreement, and there was no evidence of an election by them to look to the new firm as their debtors.

CONTRACT on a bond executed to the plaintiff by the defend-
ants, the condition of which was as follows: " The condition of
this obligation is such that whereas the said R. J. Walker and
C. W. Cotton [the defendants] have this day purchased certain
property of the said Childs [the plaintiff], it being all the right,
title and interest the said Childs has in the firm doing business
under the name and firm of Childs, Cotton & Co. at Shelburne
Falls, county and state aforesaid, and said Childs, Cotton & Co
are owing debts to the amount of from three to four thcusand
dollars, in notes and accounts held by various persons, now then
if the said R. J. Walker and C. W. Cotton above bound, or
their heirs, executors or administrators shall pay or cause to be
paid the said notes and accounts which remain unpaid, at such
times as the said notes and accounts become due and payable,
or shall save the said Childs harmless and indemnified from the
payment of the same, and all costs arising therefrom, then this
obligation shall be void " &c.

The breach of the bond relied upon was the failure by the
defendants to pay a note to George A. Bates, Jr., for $640,
signed " Charles W. Cotton, Ralph Childs," on which the plain-
tiff had been compelled to pay $400.

In the superior court, it was agreed that the plaintiff Childs,
and Cotton, one of the defendants, had made a verbal agreement
to form a partnership under the name of· Childs & Cotton, and
the note to Bates was given by them for partnership property;
and afterwards the defendant Walker was admitted into the firm
as a partner, and the name of the firm became Childs, Cotton &
Co.; and it was also agreed, if evidence to prove the same
would be competent, that it was then verbally understood and
agreed that the new firm should assume and pay all the partner-
ship debts of Childs & Cotton, and that the note to Bates was
then known to all the parties, and was considered to be a part-
nership debt of Childs & Cotton, and was so entered upon the
books of Childs, Cotton & Co. The plaintiff afterwards sold
his interest in the firm to the defendants, taking from them the
bond in suit. It was also agreed, if evidence to prove the same
would be competent, that, at the time of this sale, and of the

taking of the bond, the partnership debts of Childs & Cotton, and the note to Bates, were considered by the parties to be debts of Childs, Cotton & Co., by virtue of the former arrangement, and that the defendants, who continued the business, acted upon that understanding, and paid various sums to different creditors of Childs & Cotton, including a portion of the note to Bates, without objection.

Upon these facts, and others which are not now material, judgment was rendered by *Wilkinson*, J. for the plaintiff, and the defendants appealed.

*D. W. Alvord*, for the defendants, cited 1 Greenl. Ev. §§ 290, 295; *Brown* v. *Saltonstall*, 3 Met. 423; *Sutton* v. *Bowker*, 5 Gray, 416; *Fitzgerald* v. *Clark*, 6 Gray, 393.

*S. T. Field*, (*S. O. Lamb* with him,) for the plaintiff, cited 1 Greenl. Ev. §§ 277, 282, 286, 287, 288, 295; *Alger* v. *Scoville*, 1 Gray, 391; *Sargent* v. *Adams*, 3 Gray, 72; *Gerrish* v. *Towne*, Ib. 82; *Woods* v. *Sawin*, 4 Gray, 322; *Sutton* v. *Bowker*, 5 Gray, 416; *Baker* v. *Baker*, 8 Gray, 101, 119; *Clapp* v. *Rice*, 13 Gray, 403; *Goulding* v. *Swett*, Ib. 517; *Fall River Whaling Co.* v. *Borden*, 10 Cush. 458; *Knight* v. *N. E. Worsted Co.* 2 Cush. 271; *Pierce* v. *Parker*, 4 Met. 80; *Hall* v. *Tufts*, 18 Pick. 455; *Johns* v. *Church*, 12 Pick. 557; *Foster* v. *U. S. Ins. Co.* 11 Pick. 85; *Wadsworth* v. *Ruggles*, 6 Pick. 63; *Bourne* v. *Littlefield*, 29 Maine, 302; *Treat* v. *Strickland*, 23 Maine, 234, 243; *Claremont* v. *Carlton*, 2 N. H. 369.

BIGELOW, C. J. Oral evidence is admissible in this case for the purpose of applying the words of the written contract of the parties to the subject matter to which it relates, that is, to show what debts were properly included within its terms as the debts of Childs, Cotton & Co. To this extent, the written agreement called for extrinsic proof. As the bond contains no statement or schedule of the debts of the firm, which the defendants stipulated to pay, it is necessary to resort to proof *dehors* the instrument in order to determine whether a particular debt falls within the terms of the written contract. It is therefore competent for the plaintiff to prove by parol evidence that he had paid a claim which might properly be enumerated among the debts of Childs, Cotton & Co.

But beyond this the plaintiff cannot go. He cannot be permitted to prove that debts other than those due from that firm were intended by the parties to have been included within the terms of their agreement, because it would infringe on the elementary rule, that a written agreement cannot be varied or extended by a resort to oral testimony. To show that the condition of the bond was designed to comprehend something different from and more than the language imported, into which the parties had deliberately put their contract, would be a palpable violation of the salutary rule, which makes the written words the final and conclusive evidence of their intent. The debts which were due and owing from the two firms of Childs & Cotton and Childs, Cotton & Co. were entirely distinct and independent of each other. In legal contemplation, they each constituted a separate class or subject of indebtment, to the same extent as if the successive copartnerships had been composed of entirely different persons. They formed distinct grounds of action and of set-off, and could not be united either in support or defence of a suit at law. To permit the plaintiff to show that by the written agreement to pay the debts of one firm the parties intended also to include those due from the other would be equivalent to the admission of evidence to prove that an agreement in writing to pay the debts of A. was designed also to embrace those which were due from B.

It was urged by the counsel for the plaintiff that the debts due from the old firm of Childs & Cotton had been in effect converted into debts of the new copartnership by the agreement of the latter to assume and pay all the debts of the former, which was entered into at the time the new firm was formed by the admission of the defendant Walker as a member. But the difficulty in the way of maintaining this position is, that it requires us to put a strained construction on the language of the written contract, in order to meet the apparent equity of the plaintiff's case, as disclosed by the parol testimony. The debts of the old firm were not changed or affected in any way by the agreement among the members of the old and new firms as to their payment. They were still outstanding debts, for which

the old copartnership only was liable. It is very doubtful whether the creditors of that firm could have maintained an action against the new partnership to recover their debts. Certain it is that a promise to pay all the debts of a copartnership without any specification of the names or number of the creditors or the amount due to them respectively, and without any evidence of an election by the creditors to look to the new firm as their debtors, did not make the several persons to whom debts were due from the old firm creditors of the new copartnership. It would not be a promise by the party sought to be charged to the persons claiming the benefit of the promise. *Dow* v. *Clark*, 7 Gray, 198, 201. The agreement in the present case amounted to nothing more than an executory contract by the new copartnership with the old firm to assume and pay their debts; but it did not convert the latter into debts due from the new copartnership so as to bring them within the terms of the stipulation contained in the conditions of the bond, and render the defendants liable to the plaintiff in this action. This view of the meaning of the contract between the parties, as expressed in the bond, derives great strength from the language there used in describing the debts for which the defendants made themselves liable. They did not agree to assume any general indebtment of the firm, or to discharge or perform the contracts into which they had entered, but bound themselves to pay only the notes and accounts held by various persons against the firm of Childs, Cotton & Co., at such times as the said notes and accounts became due and payable, or hold the plaintiff harmless therefrom. Under a stipulation so specific, pointing directly to debts due to creditors of the new firm only, it is impossible to hold that the parties could have intended to include debts due from another and distinct partnership, for the payment of which the copartnership of Childs, Cotton & Co. was bound by an executory agreement with that firm, but to which its creditors were not a party.              *Judgment for the defendants.*